UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EBIN NEW YORK, INC.,<br><br>        Plaintiff,<br><br>  - against -<br><br>SIC ENTERPRISE, INC.; CLEO BEAUTY; JOHN DOES 1-10 (said names being fictitious); and JOHN ROE CORPS. 1-10 (said names being fictitious),<br><br>        Defendants. | Case No. 1:19-cv-01017-PKC-PK<br><br>**PARTIES' STIPULATION TO AMEND THEIR OPERATIVE PLEADINGS AND[PROPOSED] ORDER THEREON** |

Pursuant to Fed. R. Civ. P. 15(a)(2) and in the interest of judicial efficiency, Plaintiff and Counter-Defendant EBIN New York, Inc. ("EBIN"), Defendant and Counterclaimant SIC Enterprise, Inc. ("SIC"), and Defendant Cleo Beauty ("Cleo"), through their respective counsel, hereby stipulate to amend the operative pleadings and take other action as set forth below:

1. EBIN amends its operative complaint to dismiss its third and fourth causes of action for aiding and abetting and secondary/contributory infringement of trade dress, respectively, against Cleo with prejudice.

2. EBIN amends its operative complaint to dismiss with prejudice all claims based on its alleged trade dress rights in its display cases and manner of display. However, EBIN reserves its right to introduce evidence regarding the display cases at trial.

3. EBIN amends it operative complaint to dismiss with prejudice all claims for actual damages.

4. SIC amends its operative counterclaims to dismiss with prejudice its first cause of action for trade dress infringement and that portion of its third cause of action for

common law unfair competition based on its alleged trade dress rights in its display cases and manner of display. However, SIC reserves its right to introduce evidence regarding the display cases at trial.

5. EBIN stipulates to liability on SIC's second cause of action for trademark infringement and that portion of SIC's third cause of action for common law unfair competition based on its trademark rights in EDGE BOOSTER and EDGEBOOSTER (the "EDGE BOOSTER Marks"). EBIN stipulates that it and its officers, members, agents, servants, directors, employees, servants, partners, representative, assigns, successors, related companies, and attorneys, and all persons in active concert or participation with any of the foregoing, shall be permanently enjoined from using, promoting, advertising, publicizing, distributing, and posting the EDGE BOOSTER Marks, or trademarks confusingly similar thereto, and will stipulate to a separate permanent injunction on these claims if necessary. SIC agrees to not introduce evidence regarding EBIN's stipulation to liability or permanent injunction at trial, except for purposes of impeachment, but SIC reserves it right to introduce evidence regarding EBIN's use of the EDGE BOOSTER Marks at trial. SIC amends its operative counterclaims to dismiss with prejudice its claims for monetary relief on its second cause of action for trademark infringement and that portion of its third cause of action for common law unfair competition based on its trademark rights in the EDGE BOOSTER Marks.

6. SIC amends its operative answer to dismiss without prejudice the following affirmative defenses based on the parties' agreement that these defenses reiterate

aspects of EBIN's *prima facie* case for its claims based on its alleged trade dress rights in the 2.7 oz. 24 Hour Edge Tamer product: first affirmative defense (genericness), second affirmative defense (functionality), and third affirmative defense (distinctiveness).

7. SIC amends its operative answer to dismiss with prejudice the following affirmative defenses: tenth affirmative defense (trademark misuse) and eleventh affirmative defense (statute of limitations).

8. The parties agree to bear their own costs and fees on the dismissed claims, counterclaims, and affirmative defenses, but otherwise maintain their requests for attorneys' fees set forth in their respective operative pleadings.

9. The parties agree that but for the amendments set forth herein, their operative pleadings shall remain intact and that they need not file responsive pleadings in response to the amendments set forth herein.

10. EBIN will enter a stipulation to stay the proceedings in *EBIN New York, Inc. v. PNM Trading, LLC*, Case No. 1:21-cv-01840-JPB in the United States District Court for the Northern District of Georgia (the "Georgia Action"), which stipulation will be separately filed in that action. EBIN agrees that in the event the Court in the Georgia Action does not grant the stipulation to the stay the Georgia Action, the parties to the Georgia Action will dismiss without prejudice the Georgia Action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

11. The parties agree that nothing herein shall be construed as limiting the evidence the parties may introduce or arguments the parties may make at trial or in motion practice.

Respectfully submitted,

Dated: June 6, 2022

By: /s/Jill M. Pietrini
Jill M. Pietrini (*Admitted Pro Hac Vice*)
Paul A. Bost (*Admitted Pro Hac Vice*)
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
Telephone: (310) 228-3700
jpietrini@sheppardmullin.com
pbost@sheppardmullin.com
*Attorneys for Defendant and Counterclaimant SIC Enterprise, Inc. and Defendant Cleo Beauty*

Dated: June 6, 2022

By: /s/Anthony L. Meola
Anthony L. Meola
Alexandra Scoville
Jeceaca An
**SCHMEISER, OLSEN & WATTS**
3 Manhattanville Road, Suite 105
Purchase, NY 10577
Telephone: (914) 825-1039
ameola@iplawusa.com
ascoville@iplawusa.com
jan@iplawusa.com
*Attorneys for Plaintiff and Counter-Defendant EBIN New York, Inc.*

# [PROPOSED] ORDER

Pursuant to Fed. R. Civ. P. 15(a)(2) and in the interest of judicial efficiency, and good cause being shown therefor, the Court approves and enters the stipulation.

Further, judgment is entered for SIC and against EBIN on SIC's second cause of action for trademark infringement and that portion of SIC's third cause of action for common law unfair competition based on its trademarks right in the EDGE BOOSTER Marks, and EBIN and its officers, members, agents, servants, directors, employees, servants, partners, representative, assigns, successors, related companies, and attorneys, and all persons in active concert or participation with any of the foregoing, is permanently enjoined from using, promoting, advertising, publicizing, distributing, and posting the EDGE BOOSTER Marks, or trademarks confusingly similar thereto.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE

SMRH:4875-7095-7858.1