UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EBIN NEW YORK, INC.,

                        Plaintiff,

- against -

SIC ENTERPRISE, INC.; JOHN DOES 1-10 (said names being fictitious); and JOHN ROE CORPS. 1-10 (said names being fictitious),

                        Defendants.

Case No. 1:19-cv-01017-PKC-PK

**DEFENDANT AND COUNTERCLAIMANT SIC ENTERPRISE, INC.'S AMENDED COUNTERCLAIMS AGAINST PLAINTIFF AND COUNTER-DEFENDANT EBIN NEW YORK, INC.**

Defendant and counterclaimant SIC Enterprise, Inc. ("SIC") hereby alleges the following facts in support of its amended counterclaims against plaintiff and counter-defendant EBIN New York, Inc. ("EBIN"):

### **JURISDICTION**

1.    This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.* and under the statutory and common law of unfair competition. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b), and § 1367, and 15 U.S.C. § 1121. This action arises under the laws of the United States.

2.    EBIN admits that this Court has personal jurisdiction over it and that venue is proper in this District.

### **PARTIES**

3.    SIC is a California corporation having its principal place of business in Fullerton, California.

4.    EBIN is a New Jersey corporation having its principal place of business in Teterboro, New Jersey.

-1-

## FACTS

5. SIC manufactures and sells haircare products. SIC is known to consumers by the name and trademark STYLE FACTOR, and operates a website on the domain name stylefactor.us and an Instagram account under the @stylefactor_edge handle.

6. SIC markets the following brands under its STYLE FACTOR house mark: EDGE BOOSTER and EDGEBOOSTER (collectively, the "EDGE BOOSTER Marks"), under which SIC sells pomades, pomade sticks, styling creams, styling gels, and sprays; LOCK BOOSTER, under which SIC sells styling solutions; HIDEOUT, under which SIC sells hair color waxes; and WIGOUT, under which SIC sells leave-in conditioners, leave-in detanglers, curl conditioning gels, foams, and sprays.

7. SIC began using the EDGE BOOSTER Marks at least as early as November 16, 2016. SIC has obtained federal registrations of the EDGE BOOSTER Marks, including those set forth below and reflected in the true and correct copies of certificates of registration attached hereto as **Exhibit A**:

| Mark | Reg. No. | Reg. Date | Class/Goods |
|---|---|---|---|
| EDGE BOOSTER | 5,125,799 | January 17, 2017 | 3: Hair pomades; hair gel |
| EDGEBOOSTER | 5,903,150 | November 5, 2019 | 21: Electric hair combs; hair brushes; hair combs |

8. EBIN has used, without SIC's authorization or permission, SIC's EDGE BOOSTER Marks on its Instagram account, @ebin_newyork, and Facebook account, facebook.com/EBINNewYork, to not only promote its own products, but the very products EBIN accuses SIC of infringing:

/ / /

Instagram – March 28, 2020



Instagram – April 6, 2020





Facebook – April 6, 2020



Instagram – April 9, 2020



Instagram – April 11, 2020



/ / /

EBIN is using EDGE BOOSTER in the same manner in which it uses its own brand name, e.g., "#ebinedgecontrol." Also, by using the EDGE BOOSTER Marks as a hashtag, EBIN is optimizing the chances that individuals browsing posts using "#edgebooster" will encounter its posts. Moreover, certain of the above posts are "shoppable," i.e., they include product tags which viewers can click on to purchase EBIN's 24 Hour Edge Tamer products.

9. On information and belief, EBIN's unauthorized use of the EDGE BOOSTER Marks have resulted in actual confusion as to the source or origin of EBIN's products.

**FIRST CAUSE OF ACTION**

**(Trademark Infringement – 15 U.S.C. §§ 1114(1), 1125(a) and the Common Law)**

10. SIC repeats and realleges each and every allegation of paragraphs 1 through 9 above, as though fully set forth herein.

11. SIC owns registered and common law rights in the EDGE BOOSTER products as used with, *inter alia*, hair pomades.

12. EBIN's actions as alleged herein constitute trademark infringement in violation of 15 U.S.C. §§ 1114(1), 1125(a) and the common law. Specifically, EBIN has used and is using in commerce, without SIC's authorization or permission, the EDGE BOOSTER Marks, or a trademark confusingly similar thereto, in connection with EBIN's products, including its 24 Hour Edge Tamer products. EBIN did so with intent to trade upon SIC's reputation and goodwill by causing confusion and mistake among consumers and the public, and to deceive the public into believing that EBIN and/or its products, including its 24 Hour Edge Tamer Products, are associated, affiliated or connected with, or approved or sponsored by, SIC. Alternatively, EBIN did so with the intent of the deceiving the public into believing that SIC and/or its EDGE

BOOSTER Products are associated, affiliated or connected with, or approved or sponsored by, EBIN.

13. As a direct and proximate result of EBIN's wrongful acts, SIC has suffered and continues to suffer and/or is likely to suffer damage to its trade dress, business reputation, and goodwill. EBIN will continue to use, unless restrained, the EDGE BOOSTER Marks, or a trademark confusingly similar thereto and will cause irreparable damage to SIC. SIC has no adequate remedy at law and is entitled to an injunction restraining EBIN, its officers, agents, and employees, and all persons acting in concert with EBIN, from engaging in further infringement.

14. SIC is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### (Common Law Unfair Competition)

15. EBIN repeats and realleges each and every allegation of paragraphs 1 through 14, above, as though fully set forth herein.

16. By reason of the foregoing, EBIN has been, and is, engaged in acts of unfair competition in violation of the common law.

17. EBIN's acts complained of herein have damaged and will continue to damage SIC irreparably. SIC has no adequate remedy at law for these wrongs and injuries. The damage to SIC includes harm to its trademarks, goodwill, and reputation in the marketplace that money cannot compensate. SIC is therefore entitled to injunctive relief restraining and enjoining EBIN and its agents, servants, employees, and attorneys, and all persons acting thereunder, in concert with, or on its behalf, from using the EDGE BOOSTER Marks, or trademarks confusingly similar thereto, in connection with the marketing or sale of any goods or services by EBIN.

## PRAYER FOR RELIEF

WHEREFORE, SIC prays that this Court enter judgment against EBIN as follows:

1. Finding that EBIN has violated 15 U.S.C. §§ 1114(1), 1125(a) and the common law; has infringed the EDGE BOOSTER Marks under the common law and 15 U.S.C. § 1114(1), 1125(a); and have violated the common law by engaging in unlawful, unfair, and fraudulent business practices;

2. Ordering that EBIN and its officers, members, agents, servants, directors, employees, servants, partners, representative, assigns, successors, related companies, and attorneys and all persons in active concert or participation with EBIN or with any of the foregoing be enjoined preliminarily during the pendency of this action and permanently thereafter from using, promoting, advertising, publicizing, distributing, and posting, as applicable, the EDGE BOOSTER Marks, or trademarks confusingly similar thereto;

3. Ordering that EBIN shall, as applicable, remove and delete from its website and social media accounts and recall from all distributors, wholesalers, retailers, manufacturers, printers, vendors, jobbers, and the like and deliver to SIC all products, printed graphics, promotional materials, labels, boxes, packaging, advertisements, patterns, and any other items, goods, or merchandise in any of their possession, custody, or control bearing or using the EDGE BOOSTER Marks, or trademarks confusingly similar thereto;

4. Granting an award of SIC's costs, expenses, and attorneys' fees; and

/ / /

/ / /

/ / /

/ / /

5. Granting such other and further relief as is just and proper.

Respectfully Submitted,

Dated: July 22, 2022         By: /s/Jill M Pietrini
                             Theodore C. Max
                             Jill M. Pietrini (*Admitted Pro Hac Vice*)
                             Paul A. Bost (*Admitted Pro Hac Vice*)
                             **SHEPPARD MULLIN RICHTER & HAMPTON LLP**
                             30 Rockefeller Plaza
                             New York, New York 10112
                             Telephone: 212.653.8700
                             1901 Avenue of the Stars, Suite 1600
                             Los Angeles, California 90067
                             Telephone: 310.228.3700
                             tmax@sheppardmullin.com
                             jpietrini@sheppardmullin.com
                             pbost@sheppardmullin.com

                             *Attorneys for Defendant and Counterclaimant SIC Enterprise, Inc.*

SMRH:4878-3361-8217.1

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office

# EDGE BOOSTER

**Reg. No. 5,125,799**
**Registered Jan. 17, 2017**
**Int. Cl.: 3**
**Trademark**
**Principal Register**

SIC Enterprise, Inc. (CALIFORNIA CORPORATION)
3051 E. La Jolla Street, #F
Anaheim, CA 92806

CLASS 3: Hair pomades; Hair gel

FIRST USE 11-16-2016; IN COMMERCE 11-16-2016

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 86-947,797, FILED 03-21-2016
APRIL ANNE HESIK, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office

# EDGEBOOSTER

**Reg. No. 5,903,150**
**Registered Nov. 05, 2019**
**Int. Cl.: 21**
**Trademark**
**Principal Register**

SIC Enterprise, Inc. (CALIFORNIA CORPORATION)
530 Porter Way
Placentia, CALIFORNIA 92870

CLASS 21: Electric hair combs; Hair brushes; Hair combs

FIRST USE 5-3-2019; IN COMMERCE 5-3-2019

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 5125799

SER. NO. 88-414,993, FILED 05-03-2019



Director of the United States
Patent and Trademark Office