EXHIBIT G

**Sheppard**Mullin

Sheppard, Mullin, Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
310.228.3700 main
310.228.3701 fax
www.sheppardmullin.com

Paul A. Bost
310.228.2249 direct
pbost@sheppardmullin.com

File Number:  64KA-294587

March 11, 2019

**VIA E-MAIL (joshualim@kcllawfirm.com)**

Joshua Lim, Esq.
KIM, CHO & LIM, LLC
460 Bergen Blvd., Suite 305
Palisades Park, NJ  07650

Re:     **Purported Infringement of EBIN NEW YORK, INC.'s Alleged Trade Dress**

Dear Mr. Lim:

As you know, we represent SIC Enterprise, Inc. ("SIC Enterprise").  This letter responds to your correspondence of February 5, 2019 on behalf of EBIN NEW YORK, INC. ("EBIN") and follows up on our initial response by email of February 11, 2019.  SIC Enterprise also received a substantially similar demand letter from EBIN dated January 22, 2019.  However, SIC Enterprise did not become aware of this letter until February 8, 2019 because it was mailed to SIC Enterprise's old address.

SIC Enterprise denies that it has infringed or otherwise violated any of EBIN's intellectual property rights as alleged in the February 5, 2019 letter or the lawsuit EBIN recently filed against SIC Enterprise in U.S. District Court for the Eastern District of New York, Case No 1:19-cv-01017.  Below, we address why EBIN's claims are meritless.  EBIN should not construe SIC Enterprise's failure to address certain allegations made by EBIN in its letter or complaint as an admission that any such allegations are true.  On the contrary, SIC Enterprise denies all material allegations.

EBIN cannot establish that it owns rights in its purported "jar-within-a-jar trade dress," much less that it owned rights as of SIC Enterprise's first use of its purportedly infringing product design.  Trade dress in product design cannot be inherently distinctive.  Instead, such trade dress is only protectable upon a showing of secondary meaning.  *Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. 205, 212-13 (2000) ("In the case of product design, as in the case of color, we think consumer predisposition to equate the feature with the source does not exist.  Consumers are aware of the reality that, almost invariably, even the most unusual of product designs – such as a cocktail shaker shaped like a penguin – is intended not to identify the source, but to render the product itself more useful or more appealing.")  Furthermore, in order to assert a claim of trade dress infringement against SIC Enterprise, EBIN must establish its trade dress had secondary meaning as of the date of SIC Enterprise's first use of its purportedly infringing product design, that is, <u>as of November 11, 2016</u>, if not earlier. *PaperCutter, Inc. v. Fay's Drug Co., Inc.*, 900 F.2d 558, 565 (2d Cir. 1990).

**Sheppard**Mullin

Joshua Lim, Esq.
March 11, 2019
Page 2

EBIN will not be able to establish that it owns secondary meaning in its product design, much less that it owned such rights as of November 11, 2016.  As EBIN likely knows, receptacles identical or similar to the one in which it asserts trade dress rights are often used in the haircare industry.  A chart reflecting the use of such product designs by third parties, many of which uses predate EBIN's purported first use date of July 2015, is attached hereto as **Exhibit A**.  Other facts weigh heavily against a finding of secondary meaning.  SIC Enterprise is not aware of any actual confusion that has resulted due to its use of the purportedly infringing product design and, likewise, assumes that if EBIN was aware of any such confusion, it would have alleged as much.  Also, SIC Enterprise did not copy EBIN's product packaging.  In sum, EBIN will not be able to establish that it owns trade dress rights in its product design, now or as of November 11, 2016.

For these same reasons and others, EBIN's dilution claims fail, as well.  Not only must EBIN establish secondary meaning in order to prevail on its dilution claim asserted under 15 U.S.C. § 1125(c), it must also establish that its purported trade dress was "famous" as of the date SIC Enterprise used its purportedly infringing product design.  EBIN has not pleaded, and certainly cannot establish, that its product design is "famous," that is, "widely recognized by the general consuming public of the United States" as a designation indicating a single source of goods or services.  15 U.S.C. § 1125(c).  Notably, even if EBIN's product design had "niche fame," i.e., fame to a subset of consumers, that is *not* sufficient to ground a claim for dilution. *See Helios Intern. S.A.R.L. v. Cantamessa USA, Inc.,* 2013 WL 3943267, at *10 (S.D.N.Y. 2013) (allegation that CANTAMESSA jewelry was recognized among "consumers of luxury jewelry" was only niche fame and not sufficient to allege dilution; dismissed on a 12(b)(6) motion.)  Similarly, the Second Circuit has held that New York's antidilution law, while not limited to famous marks, only protects "extremely strong marks."  *Sally Gee, Inc. v. Myra Hogan, Inc.*, 699 F.2d 621, 625 (2d Cir. 1983).  EBIN's product design lacks secondary meaning, much less extreme strength.

Even if EBIN is able to establish secondary meaning in its product design as of SIC Enterprise's first use of its purportedly infringing product design (it most certainly will not), EBIN will not be able to establish that SIC Enterprise's product design is likely to result in consumer confusion.  Most notably, the parties' respective products prominently bear distinguishing trademarks – for EBIN, EBIN and 24 HOUR EDGE TAMER, and for SIC Enterprise, EDGE BOOSTER and STYLE FACTOR.  These distinguishing marks are displayed on the parties' respective products in different fonts and formats, such that there is virtually no chance that consumers will confuse the products or believe that they or their sources are in any way related.  This is especially true here given, as explained above, the number of third-parties that use identical or similar product packaging to that at issue here.

Other differences in the products ensure against confusion.  Unlike EBIN's purported "color rollouts," SIC Enterprise sells its various colors of EDGE BOOSTER pomade products concurrently, each color corresponding to a scent.  Also, the parties' products are further distinguishable because EBIN's products' inner jars are brown (regardless of the color of the lid), whereas SIC Enterprise's products' inner jars are, again, colored to match their scent and are always topped with a black lid:

**Sheppard**Mullin

Joshua Lim, Esq.
March 11, 2019
Page 3

| EBIN's Products |
|---|
|  |
| **SIC Enterprise's Products** |
|  |

EBIN's desperation to establish its claims can be seen in its misleading comparison of the parties' products.  For example, EBIN has enlarged SIC Enterprise's "dark brown" EDGE BOOSTER HIDEOUT product depicted on page 2 of the February 5, 2019 letter and Paragraph 25 of the Complaint so that it looks comparable in size to EBIN's 24 HOUR EDGE TAMER product, when, in fact, it is significantly smaller, as shown below:

   

/ / /


/ / /

**Sheppard**Mullin

Joshua Lim, Esq.
March 11, 2019
Page 4

Also, in Paragraph 22 of the Complaint, EBIN refers to "photographs [that] are representative of the appearance of Edge Tamer."  One of these photographs is included below for your convenience:



This is intentionally misleading as EBIN, on information and belief, changed these products approximately two years ago so that their inner jars are brown and not matching their lids (as depicted above).

Further, EBIN's demand letter and lawsuit are untimely, and its delay may constitute acquiescence or laches.  It is unlikely that EBIN did not become aware of SIC Enterprise's allegedly infringing product design shortly after SIC Enterprise began using it.  At the very least, EBIN had actual knowledge of SIC Enterprise's allegedly infringing product design as of December 19, 2017, on which date EBIN "liked" one of SIC Enterprise's Instagram posts relating to its EDGE BOOSTER products.

EBIN has a habit of claiming intellectual property rights where it has none.  Notably, in its complaint, as well as in its pending lawsuit against Young Chul Lee, et al. (the "Lee Lawsuit"), EBIN claims to own a pending application to register EDGE TAMER.  However, EBIN abandoned that trademark application after it was refused registration on the grounds of descriptiveness and genericness.  Moreover, in Paragraph 43 of its complaint in the Lee Lawsuit, EBIN admits that third parties use the term EDGE TAMER, undercutting its own claim of trademark infringement.[1]

Finally, EBIN misunderstands, at best, or mischaracterizes, at worst, SIC Enterprise's demand letter to Uptown Beauty.  SIC Enterprise did not assert against Uptown Beauty trade dress rights in its EDGE BOOSTER receptacle alone but the distinctive manner in which its trademark was used and depicted on its receptacle, and, on those grounds, objected to Uptown Beauty's sale of an almost identical product.  Although Uptown Beauty's use of a similar receptacle exacerbated Uptown Beauty's infringement, it was not the basis for SIC Enterprise's allegation of infringement.  Furthermore, the similarity between SIC Enterprise's products and

---

[1]     Just as, if not more, importantly, in its complaint in the Lee Lawsuit, EBIN's definition and description of its trade dress in the 24 HOUR EDGE TAMER product does *not* include its jar-within-a-jar product design.

**Sheppard**Mullin

Joshua Lim, Esq.
March 11, 2019
Page 5

Uptown Beauty's products, as compared to the similarity (or lack thereof) between SIC Enterprise's products and EBIN products, shows just how specious EBIN's claims are.

In sum, each of EBIN's claims against SIC Enterprise lack merit, and certain are subject to dismissal at the pleading stage. In the event EBIN does not voluntarily dismiss its lawsuit, SIC Enterprise intends to vigorously defend itself and, as warranted, seek an award of attorneys' fees pursuant to 15 U.S.C. § 1117. SIC Enterprise will also assert counterclaims against EBIN and/or certain of its sale representatives for their outrageous interference with SIC Enterprise's business under the false pretenses of this clearly meritless lawsuit. Attached as **Exhibit B** is a letter that one of EBIN's sales representatives delivered to a retailer on Monday, February 25, 2019, as well as a translation of said letter into English. This letter is merely representative of EBIN's efforts to unlawfully leverage its meritless claims into a commercial advantage. All such actions must stop immediately. Furthermore, EBIN must provide SIC Enterprise with a list of the retailers, wholesalers, and distributors to whom it has disclosed its meritless claims against SIC Enterprise so that SIC Enterprise can determine the best way to repair its reputation and business interests, which may include EBIN providing each of those retailers, wholesalers, and distributors with a written statement expressly retracting all allegations made against SIC Enterprise.

Please feel free to reach out to me if you would like to discuss this matter by phone.

Nothing contained in this letter, nor any act or omission to act by SIC Enterprise is intended or should be deemed to be a waiver, abridgment, alteration, modification or reduction of any rights, claims, defenses or remedies that SIC Enterprise may have in regard to this matter and all such rights, claims, defenses and remedies, whether at law or in equity, are hereby expressly reserved.

Very truly yours,

Paul A. Bost
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:489603144.1
Enclosures

cc:     Jill Pietrini, Esq.
        Joel Lee

# EXHIBIT A

**EXHIBIT A**

|  | Product image | Product Name | Product Manufacturer |
|---|---|---|---|
| 1. |  | KMS HAIR PLAY | KMS |
| 2. |  | Style Sexy Hair Control Maniac | Sexy Hair |
| 3. |  | KMS Hair Play Soft Wax | KMS |

**EXHIBIT A**

| | Product image | Product Name | Product Manufacturer |
|---|---|---|---|
| 4. |  | POSA:  Gum Wax | POSA Professional |
| 5. |  | POSA: Molding Clay | POSA Professional |
| 6. |  | Rene Furterer Carthame Hair Mask - Tube | Rene Furterer Paris |

**EXHIBIT A**

| | Product image | Product Name | Product Manufacturer |
|---|---|---|---|
| 7. |  | Rene Furterer Paris Karite Nutri Intense Nourishing Mask - Jar<br><br>Rene Furterer Paris Karite Nutri Intense Nourishing Mask - Tube | Rene Furterer Paris |
| 8. |  | Cadis Care.S.Shine | Cadis |
| 9. |  | Healthy Sexy Hair Soy Paste | Sexy Hair |

**EXHIBIT A**

| | Product image | Product Name | Product Manufacturer |
|---|---|---|---|
| 10. |  | Healthy Sexy Hair Styling Paste | Sexy Hair |
| 11. |  | Short Sexy Hair Rocked out. | Sexy Hair |
| 12. |  | Pete & Pedro Clay | Pete & Pedro |

**EXHIBIT A**

| | Product image | Product Name | Product Manufacturer |
|---|---|---|---|
| 13. |  | TRUSS Blond Mask | Truss Cosmetics |
| 14. |  | TRUSS Specific Mask | Truss Cosmetics |
| 15. |  | TRUSS Miracle Mask | Truss Cosmetics |

**EXHIBIT A**

| | Product image | Product Name | Product Manufacturer |
|---|---|---|---|
| 16. |  | Herbal Essence Set Me Up Texturizing Wax | Herbal Essence |
| 17. |  | Hanz de Fuko Modify Pomade<br>Hanz de Fuko Sponge Wax<br>Hanz de Fuko Quicksand<br>Hanz de Fuko Scheme Cream | Hanz de Fuko |

**EXHIBIT A**

|  | Product image | Product Name | Product Manufacturer |
|---|---|---|---|
|  |  |  |  |
| 18. |  | Pantene Pro-V Stylers Texturizing Sculpting Wax | Pantene |

**EXHIBIT A**

| | Product image | Product Name | Product Manufacturer |
|---|---|---|---|
| 19. |  | Style for You S4U D'finR | Alfaparf Milano |
| 20. |  | Cantu Hair Dressing Pomade | Cantu |
| 21. |  | Baxter Of California Water Styling Hair Pomade | Baxter of California |

**EXHIBIT A**

|  | Product image | Product Name | Product Manufacturer |
|---|---|---|---|
| 22. |  | Landa Color Pomade | Hallyday Cosmetics Co., Ltd. |
| 23. |  | Kalea Rose Hair Clay | Martin Rodriguez |
| 24. |  | Hairbond Sculptor Professional Hair Putty | Hairbond |

**EXHIBIT A**

| | Product image | Product Name | Product Manufacturer |
|---|---|---|---|
| 25. |  | Hair to 90 Kanfa Professional | Kanfa Professional |
| 26. |  | Privé Extended Texture Clay | Privé |
| 27. |  | Lee Stafford As Ruff As You Like Clay | Lee Stafford |

**EXHIBIT A**

|  | Product image | Product Name | Product Manufacturer |
|---|---|---|---|
| 28. |  | GFANI Hair Clay | Guangzhou Fengcai Cosmetic Factory |
| 29. |  | Alterna Styling Clay | Alterna |
| 30. |  | Live Gain Premium Styling Wax | LiveGain |
| 31. |  | TIGI Bed Head Manipulator | TIGI |

**EXHIBIT A**

| | Product image | Product Name | Product Manufacturer |
|---|---|---|---|
| 32. |  | Sunsilk Co-Creations Wax Brilliant Shine | Sunsilk |
| 33. |  | Miracles by Olympia Hair Wax | Miracles in the City |
| 34. |  | Missha Ultra Hold Wax | Missha |

**EXHIBIT A**

| | Product image | Product Name | Product Manufacturer |
|---|---|---|---|
| 35. |  | Luxury Argan Velvet Hair Care | Greenlight |
| 36. |  | Revivogen PRO Hair Mask | Revivogen Pro |
| 37. |  | Alterna Bamboo UV+ Mask | Bamboo |

SMRH:489655984.1

EXHIBIT B



**EBIN NEW YORK**
506 US HWY 46 ,TETERBORO, NJ 07608
201-288-8887

존경하는 에빈 뉴욕 고객님들께,

항상 저희 제품을 사랑해주시고 비즈니스 동반자로서 힘써 주심에 진심으로 감사드립니다. 에빈 뉴욕은 젊고 혁신적인 기업으로써 독창적인 신제품과 고품격의 제품을 개발하고자 많은 노력을 기울이고 있습니다. 하지만 아쉽게도, 혁신은 모방을 유발하는 듯 합니다.

아시다시피, SIC Enterprise 와 같은 경쟁사에서 "Edge Bosster"라는 제품을 가지고 저희 에빈 베스트셀러 제품을 모방하고 있습니다. 노골적으로 에빈의 디자인을 따라했을뿐만 아니라 에빈의 진실성과 합법적 권리를 위협하고 있습니다. 저희 에빈 뉴욕은 지적 자산을 보호 받아야 합니다.

이러한 법적 권리와 자산을 보호하기 위해서 에빈 뉴욕은 SIC Enterprise 포함한 에빈 뉴욕의 제품을 모방하는 회사를 상대로 소송을 진행할 것입니다.

이 공문은 존경하는 고객님들께 이러한 사실을 미리 알림으로써 혼란과 오해의 소지를 피하기 위함이며, 또한 소송 진행에 있어 법정에서 사용할 문서취합 등의 요청에 대하여 협조를 부탁드립니다. 에빈 뉴욕 지적 재산권을 위협하는 Edge Booster 와 같은 유사제품의 구매 및 판매 기록 뿐만 아니라 그에 관한 분쟁의 소지가 있는 문서를 보유하고 있을 시에 불가피하게 고객님께 피해가 발생할수 있음을 안내해 드립니다.

지금까지 에빈 뉴욕을 사랑해 주시고 에빈 뉴욕의 빠른 성장에 도움을 주신 고객님들께 다시 한번 깊은 감사를 표합니다. 앞으로도 큰 성원에 힘입어 일등 기업으로 성장하며 고객님들의 사업에 큰 성공을 안겨드리는 기업으로 나아갈 것을 약속드립니다.

감사합니다

에빈 뉴욕 법무팀



**EBIN NEW YORK**
506 US HWY 46 ,TETERBORO, NJ 07608
201-288-8887

Honored Ebin New York Customers,

Thank you for your continued patronage of our products and partnering with us. Ebin New York is a young and innovative company, striving to develop creative and high-quality products. To our disappointment, however, innovations seem to instigate imitations.

As you know, competitors such as SIC Enterprise's "Edge Booster" are imitating Ebin's bestselling product. Not only did SIC Enterprise bluntly copy Ebin's design, but it is also threatening Ebin's integrity and legal rights. Ebin New York's intellectual property should be protected.

In order to protect the legal rights and assets, Ebin New York will be suing the companies including SIC Enterprise that are imitating its products.

This official letter was sent to our honored customers in an effort to provide advance notification and thereby avoid confusion and misunderstanding. Additionally, we ask for your cooperation to our requests for document collection for use at the court in connection with the litigation. Please be advised that if you are purchasing or are in possession of sales records from purchasing imitations such as Edge Booster or any other documents that may be a cause of a dispute, you may suffer damage, which may be unavoidable.

Thank you once again for your continued patronage and support for Ebin New York and its rapid growth. With your strong support, we promise to grow into a first-rate company that delivers a great success to your business.

Thank you.

The Legal Team at Ebin New York

Julie Wagner
California Court Certified Interpreter
3439 Primera Ave.
LA, CA 90068
Easy2speakkorean@gmail.com
213-700-5859

<u>TRANSLATOR'S DECLARATION</u>

I, JULIE WAGNER, am a court-certified interpreter for the State of California as described in Government Code 68651; I am certified to translate from the English to Korean and Korean to English languages. To the best of my abilities, and under penalty of perjury, I have truthfully and accurately translated the document(s) that is (are) attached hereto described as below from <u>Korean into English:</u>

Notice to Customer [EDGE BOOSTER]

Executed on this <u>26th day of February, 2019</u> in Los Angeles, California.

Julie Wagner

CA Court Certification No 300979