

Robert N. Feltoon
T (215) 864-8064
Email:rfeltoon@ClarkHill.com

Clark Hill
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
T (215) 640-8500
F (215) 640-8501

October 13, 2023

U.S. Magistrate Judge Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:   **EBIN New York, Inc. v. SIC Enterprise, Inc.,**
            **Case No. 1:19-cv-01017-PKC-TM**

Dear Judge Merkl:

      On October 5, 2023, I entered an appearance on behalf of Plaintiff (ECF no. 163). Plaintiff's former lead counsel Anthony L. Meola passed away on August 25, 2023.  Following Attorney Meola's untimely passing, Plaintiff considered multiple law firms and ultimately retained Clark Hill.  Before we were retained, we had no previous involvement in this case.   We plan to file an appeal on behalf of Plaintiff to the Second Circuit from Judge Chen's September 20, 2023 entry of summary judgment in favor of the Defendant SIC Enterprise, Inc. Simultaneously with prosecuting the appeal, we will be preparing Plaintiff's response to SIC's motion for attorney's fees pursuant to 15 U.S.C. § 1117(a) (the "Motion"), which was filed on October 4, 2023 (ECF nos. 159-160). On October 5, 2023, Judge Chen entered an order referring the Motion to your Honor.  This letter motion is submitted pursuant to EDNY Local Rule 7.1(d) and Judge Chen's Individual Practices and Rules 1.G to request an extension of time for Plaintiff to respond to the Motion.  Your Honor's Individual Rules and Practices do not specify a particular procedure for seeking an extension.

      The current response date for the Motion is October 18, 2023. Plaintiff requested that Defendant agree to a 90-day extension.  Defendant declined to agree to that request in full, but did agree to an extension to December 4, 2023 (an extension of 47 days), with Defendant's time to file its reply extended to December 20, 2023. Rather than submit a contested motion at this time seeking the full 90-day extension we had requested, Plaintiff respectfully asks the Court to enter an Order extending the response and reply dates on the Motion to the dates agreed to by Defendant. Plaintiff will make every effort to meet the December 4 date for its response.

clarkhill.com

In the event Plaintiff needs additional time, it will alert the Court sufficiently in advance of December 4 after first requesting Defendant to agree to a further extension.

There are ample grounds for the Court to grant this uncontested extension motion, and to grant any further motion to extend in the event such a motion is presented later. The Motion seeks an award of attorney's fees and costs of $1,146,814.17, based on the Court declaring this an "exceptional" case. Defendant seeks to draw support for the Motion based on an extraordinarily broad collection of allegations involving nearly the entire aspect of this 4.5-year-old case and even from well before the case commenced. Among other allegations, the Motion claims that: (i) "Plaintiff unreasonably delayed filing this lawsuit" for "27 months", resulting in alleged evidentiary prejudice to Defendant; (ii) "Plaintiff's complaint also included frivolous allegations of copying that Plaintiff never actually pursued, tacitly acknowledging their ridiculousness"; (iii) Plaintiff filed this suit not to vindicate legitimate rights but to saddle Defendant, who Plaintiff identified as one of its primary competitors, with the costs and inconveniences of litigation; (iv) Plaintiff sued not only Defendant but Defendant's distributors for no purpose other than to inconvenience and tax Defendant and compromise its business relationships; (v) Plaintiff used the lawsuit as a pretext to defame Defendant and discourage its retailers from selling its products; (v) "Plaintiff did not undertake reasonable measures to preserve and collect its electronically stored information related to its dispute with Defendant"; (vi) Plaintiff failed to comply with its discovery obligations in numerous respects that resulted in motions to compel; (vii) Plaintiff improperly tried to limit and narrow its Trade Dress rights after the case had been pending for three years; and (viii) at the same time Plaintiff was asserting its claims of infringement against Defendant, Plaintiff was using Defendant's intellectual property for its own advantage.

In short, the Motion presents a vast array of alleged misdeeds covering many years, including years before the case was filed. It should be obvious that coming into the case at this late date, we have an extensive amount of work to do to understand the situation involving each one of these (and other) allegations before we can even begin to formulate a response. Unlike the typical situation when a party changes counsel, here we are starting literally from scratch with no ability to transfer anything other than the files from predecessor lead counsel. Plus, at the same time as we are dealing with the Motion, we will be prosecuting Plaintiff's appeal to the Second Circuit, which will be on its own time track unaffected by the track this Motion takes at the trial court level. Under these extraordinary and unique circumstances, we request the Court extend the briefing schedule on the Motion by 47 days for our response as defense counsel has agreed, and in the event we alert the Court that we need additional time beyond that, the Court take these same factors into account.

      A copy of this letter motion was shared with defense counsel in advance of filing it with the Court. A proposed Order is submitted herewith.

                              Respectfully,

                              Robert N. Feltoon

RNF:sa