SHEPPARD MULLIN RICHTER & HAMPTON LLP
Theodore C. Max
tmax@sheppardmullin.com
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701

Jill M. Pietrini (admitted *pro hac vice*)
Paul A. Bost (admitted *pro hac vice*)
jpietrini@sheppardmullin.com
pbost@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 228-3700;
Facsimile: (310) 228-3701

*Attorneys for Defendant SIC Enterprise, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EBIN NEW YORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> SIC ENTERPRISE, INC.; JOHN DOES 1-10 (said names being fictitious); and JOHN ROE CORPS. 1-10 (said names being fictitious), <br><br> Defendants. | Case No. 1:19-cv-01017-PKC-TM |

**DEFENDANT SIC ENTERPRISE, INC.'S OPPOSITION TO PLAINTIFF EBIN NEW YORK, INC.'S MOTION TO DEFER DEFENDANT'S MOTION FOR ATTORNEYS' FEES PENDING PLAINTIFF'S APPEAL**

**TABLE OF CONTENTS**

|  |  | **Page** |
|---|---|---|
| I. | INTRODUCTION ................................................................................................1 | |
| II. | THE COURT SHOULD NOT DEFER RULING ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES ....................................................................................2 | |
| III. | IF THE COURT DEFERS RULING ON THE MOTION FOR ATTORNEYS' FEES, IT SHOULD ORDER PLAINTIFF TO POST A BOND .........................8 | |
| IV. | THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR ADDITIONAL TIME TO OPPOSE DEFENDANT'S MOTION FOR ATTORNEYS' FEES IN THE EVENT THE COURT DENIES PLAINTIFF'S INSTANT MOTION .....................8 | |
| V. | CONCLUSION..................................................................................................10 | |

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*
    No. 1:14-cv-1611, 2016 WL 9051162 (E.D. Va. Sept. 7, 2016) ................................. 3

*Brinkmann v. Town of Southold*
    No. 21-cv-2468 (LDH) (JMW), 2023 U.S. Dist. LEXIS 107639 (E.D.N.Y. June 20, 2023) ................................................................................................................ 3

*Cosby v. KPMG, LLP*
    No. 3:16-CV-121-TAV-DCP, 2021 WL 2668803 (E.D. Tenn. June 29, 2021) ......... 4

*Costco Wholesale Corp. v. Costello*
    232 F. Supp. 3d 319 (W.D.N.Y. 2017) ...................................................................... 6

*Elkins v. Quinn*
    No. 3:19-CV-55-MAB, 2022 WL 2712679 (S.D. Ill. July 13, 2022) ........................ 3

*Estevez v. Berkeley Coll.*
    No. 18-CV-10350 (CS), 2022 WL 1963659 (S.D.N.Y. June 6, 2022) .................. 3, 4

*Gill v. Bausch & Lomb Supplemental Ret. Income Plan I*
    09-CV-6043, 2014 WL 1404902 (W.D.N.Y. Apr. 10, 2014) .................................... 6

*Green v. Kanazawa*
    No. CIVIL 16-00054 LEK-KSC, 2018 WL 5621953 (D. Haw. Oct. 30, 2018) ....... 8

*Hines v. City of Albany*
    No. 1:06-cv-1517, 2015 WL 12828107 (N.D.N.Y. May 13, 2015) ....................... 3, 4

*Lake v. Schoharie County Commissioner of Social Servs.*
    No. 9:01-CV-1284, 2006 WL 1891141 (N.D.N.Y. May 16, 2006) ........................... 3

*Lyon v. Kimberly Clark Corp. Pension Plan*
    No. 05-3201 (RBK), 2007 WL 1852215 (D.N.J. June 26, 2007) .............................. 3

*Matsumura v. Benihana National Corp.*
    No. 06 Civ. 7609 (NRB), 2014 WL 1553638 (S.D.N.Y. Apr. 17, 2014) ................... 7

*MHANY Mgmt., Inc. v. Inc. Vill. of Garden City*
    44 F. Supp. 3d 283 (E.D.N.Y. 2014) ..................................................................... 5, 6

*New Earthshell Corp. v. Jobookit Holdings Ltd.*
    No. 14-CV-3602 (JMF), 2015 WL 2152681 (S.D.N.Y. May 7, 2015) ................. 3, 4

*Philips Lighting Co. v. Schneider*
    No. 05-cv-4820 (SLT) (MDG), 2010 WL 11606309 (E.D.N.Y. Sep. 30, 2008) ......................2

*Plasola v. California*
    No. CV 19-5592 JAK (PVC), 2020 WL 2790010 (C.D. Cal. Apr. 24, 2020) ..........................3

*Stevens v. Rite Aid Corp.*
    No. 6:13-cv-783, 2016 WL 6652774 (N.D.N.Y. July 6, 2016) ............................................2, 5

*Testa v. Becker*
    No. 10-CV-6229L, 2017 WL 5133341 (W.D.N.Y. Nov. 6, 2017)........................................2, 6

*Universitas Educ., LLC v. Nova Grp., Inc.*
    No. 11 Civ. 1590 (LTS)(HBP), 2016 WL 1178773 (S.D.N.Y. Mar. 23, 2016) ........................4

*Watson v. E.S. Sutton, Inc.*
    No. 02 CV 2739 (KMW), 2006 WL 4484160 (S.D.N.Y. Dec. 6, 2006) ...................................8

<u>Statutes</u>

15 U.S.C. § 1117(a) ...............................................................................................................................7

29 U.S.C. § 1132(g)(1) .........................................................................................................................6

42 U.S.C. § 1988(b) ..............................................................................................................................6

42 U.S.C. § 3613(c)(2)..........................................................................................................................6

<u>Other Authorities</u>

Fed. R. Civ. P. 54...............................................................................................................................2, 7

Fed. R. Civ. P. 54(d) .............................................................................................................................6

I.  **<u>INTRODUCTION</u>**

The Court should deny Plaintiff EBIN New York, Inc.'s ("Plaintiff") motion to defer ruling on Defendant SIC Enterprise, Inc.'s ("Defendant") motion for attorneys' fees pending Plaintiff's appeal. As Plaintiff acknowledges, courts in the Second Circuit frequently exercise their discretion to decide fee motions despite a pending appeal. This is particularly true when – as is the case here – the movant has not made a strong showing that it is likely to succeed on the merits of the appeal. Plaintiff, in fact, does not even attempt to a make a showing of likely success or of likely irreparable injury should ruling on the motion not be stayed. Additionally, there are convincing reasons for the Court to rule on the motion for attorneys' fees despite the pending appeal -- specifically, this case has already been pending for almost *five* years and should be pushed forward towards completion. Deferring a decision on the fee motion will result in a second appeal on the fee motion after the appeal on the merits is decided, thereby delaying a final resolution of this case for another year or two. Also, adjudication of the fee motion will inform and assist the parties' settlement discussions. Further, although undoubtedly tragic, the passing of Anthony Meola, Plaintiff's counsel, is no reason to defer a ruling on the motion for attorneys' fees. Defendant has already provided the sealed documents that Plaintiff's new counsel was seeking from Mr. Meola's law firm, and Defendant has already agreed to a substantial extension of time for Plaintiff to oppose the fee motion. Dkt. 164. Nevertheless, in the event the Court grants Plaintiff's motion to defer, it should order Plaintiff to post a bond in the amount of $1,146,814.17, the amount sought by Defendant in its motion for fees.

Finally, Plaintiff requests that, in the event its motion to stay is denied, its deadline to oppose Defendant's motion for fees be set for 60 days after any such ruling. The Court should deny this motion. As noted, the parties have already agreed to a significant extension of Plaintiff's deadline to oppose the fee motion (Dkt. 164), and Plaintiff has not demonstrated that

an additional extension is necessary. Also, Plaintiff could have filed its motion to defer – and sought a concomitant extension of its deadline to oppose Defendant's fee motion – more than a month ago but failed to do so. Plaintiff should not be allowed to take advantage of its failure to seek timely relief.

II.     **THE COURT SHOULD NOT DEFER RULING ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES**

A court may exercise its discretion to rule on a motion for attorneys' fees even though an appeal on the merits of the case pending. *See* Fed. R. Civ. P. 54, 1993 Advisory Committee's Notes ("If an appeal on the merits of the case is taken, **the court may rule on the claim for fees**, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.") (emphasis added). And, as Plaintiff admits (*see* Motion at 6), **courts in the Second Circuit frequently decide motions for attorneys' fees despite pending appeals on the merits**. *See Testa v. Becker*, No. 10-CV-6229L, 2017 WL 5133341 at *3 (W.D.N.Y. Nov. 6, 2017) ("[T]he Court will proceed to decide plaintiff's motion for attorney's fees, notwithstanding the pendency of the appeals. Plaintiff has achieved success on the merits, and the possibility that defendants might eventually prevail on appeal is not in itself a sufficient reason to deny him a fee award."); *Stevens v. Rite Aid Corp.*, No. 6:13-cv-783, 2016 WL 6652774 at *2 (N.D.N.Y. July 6, 2016) ("A district court retains jurisdiction over a plaintiff's application for attorneys' fees even after a notice of appeal has been filed … [T]he Court elects to exercise its discretion and decide the matter on the current record."); *Philips Lighting Co. v. Schneider*, No. 05-cv-4820 (SLT) (MDG), 2010 WL 11606309 at *2 ("[F]ee disputes are to be filed quickly because a short time period enables the trial court to resolve fee disputes efficiently, while the services performed are freshly in mind. Defendant does not explain why this Court should dismiss Plaintiff's motion

without prejudice …"); *Lake v. Schoharie County Commissioner of Social Servs.*, No. 9:01-CV-1284 (NAM/DEP), 2006 WL 1891141 at *3, n.2 (N.D.N.Y. May 16, 2006) (exercising discretion to rule on motion for fees); *Hines v. City of Albany*, No. 1:06-cv-1517, 2015 WL 12828107 at *3 (N.D.N.Y. May 13, 2015) (same); *Brinkmann v. Town of Southold*, No. 21-cv-2468 (LDH) (JMW), 2023 U.S. Dist. LEXIS 107639 at *6, n.1 (E.D.N.Y. June 20, 2023) (same); *New Earthshell Corp. v. Jobookit Holdings Ltd.*, No. 14-CV-3602 (JMF), 2015 WL 2152681 at *1, n.1 (S.D.N.Y. May 7, 2015) (same); *Estevez v. Berkeley Coll.*, No. 18-CV-10350 (CS), 2022 WL 1963659 at *2 (S.D.N.Y. June 6, 2022) (same; "At this stage, resolution of this issue is the most efficient use of judicial resources. The Court can dispose of this issue now rather than wait and decide it at even greater remove from determination of the merits issue.").[1]

*Estevez* identifies four factors considered by courts "when determining whether a stay of a pending appeal is appropriate: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" 2022 WL 1963659 at *2, quoting *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007). *Estevez* further notes

---

[1] These decisions are consonant with decisions from other Circuits, which, on balance, deny requests to defer determination of motions for attorneys' fees based on pending appeals. *See, e.g., Lyon v. Kimberly Clark Corp. Pension Plan*, No. 05-3201 (RBK), 2007 WL 1852215 at *1 (D.N.J. June 26, 2007) ("Defendant has proffered no reason why a pending appeal alone should constitute sufficient grounds for this Court to deny Plaintiff's motion. Accordingly, this Court does not conclude that the pending appeal in and of itself offers a sufficient reason for this Court to deny without prejudice Plaintiff's present motion for attorney's fees."); *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, No. 1:14-cv-1611, 2016 WL 9051162 at *1 (E.D. Va. Sept. 7, 2016), citing *Wright v. Jackson*, 522 F.2d 955, 958 (4th Cir. 1975) ("In an effort to prevent piecemeal appeals, the practice in this Circuit is to consider motions on fees and costs before any appeal is heard … The primary rationale for this policy is grounded in principles of judicial economy, which counsel that it is more efficient for courts to hear questions of merits and fees at the same time because the issues will often be intertwined."); *Elkins v. Quinn*, No. 3:19-CV-55-MAB, 2022 WL 2712679 at *1 (S.D. Ill. July 13, 2022) ("The mere filing of an appeal is not grounds to deny or defer ruling on a bill of costs. In fact, the district court should rule on the issue of costs while the appeal on the merits is pending because then the ruling on costs can be appealed and consolidated with the merits appeal, sparing the parties and the Seventh Circuit from piecemeal appeals."); *Plasola v. California*, No. CV 19-5592 JAK (PVC), 2020 WL 2790010 at *2 (C.D. Cal. Apr. 24, 2020), quoting *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983) ("The Ninth Circuit encourages district courts to rule on attorney's fees motions notwithstanding an appeal to 'prevent postponement of fee consideration until after the circuit court mandate, when the relevant circumstances will no longer be fresh in the mind of the district judge.'").

that it is the movant's burden to "show a likelihood of success on the merits of their appeal …" *Id*. at *2. *See also Hines*, 2015 WL 12828107 at *3 ("As this Court previously found in its decision denying Defendants' motion for a stay of judgment pending appeal, 'Defendants [have] fail[ed] to meet their burden to show that they are likely to succeed on the merits of their appeal on the basis that they, not Plaintiffs, are the prevailing party.'"); *New Earthshell*, 2015 WL 2152681 at *1, n.1 ("[p]laintiff identifies no compelling reason to delay resolution of the fee request here.")

Plaintiff has not made a strong showing, or even attempted to make *any* showing, that it is likely to succeed on the merits of its appeal. Plaintiff does not identify any erroneous findings of fact or conclusions of law in the Court's detailed, well-reasoned 28-page order granting Defendant's motion for summary judgment. Dkt. 156. Instead, Plaintiff merely posits that the appeal "may alter" Defendant's status as the prevailing party (Motion at 2), which falls well short of meeting Plaintiff's burden. Likewise, Plaintiff does not identify any purported irreparable injury it will suffer absent a stay other than resources it will expend to defend against Defendant's motion. Plaintiff has not cited any authority holding that this constitutes irreparable injury sufficient to weigh in favor of a stay, and Defendant it not aware of any.

Also, contrary to Plaintiff's bald conclusions otherwise, deferring ruling on Defendant's motion for attorneys' fees will injure Defendant and is not in the public interest. Plaintiff filed this lawsuit in February 2019; it had been pending now for nearly five years. Both Defendant and the public have an interest in the efficient resolution of disputes. *See Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11 Civ. 1590 (LTS)(HBP), 2016 WL 1178773 at *4 (S.D.N.Y. Mar. 23, 2016) (denying motion to stay civil case pending criminal case based on *inter alia*, "judicial interest in the resolution of this action, which has been pending since 2011."). *See also Cosby v.*

*KPMG, LLP*, No. 3:16-CV-121-TAV-DCP, 2021 WL 2668803 at *6 (E.D. Tenn. June 29, 2021) ("The Court finds that a stay would not serve the public interest … Especially in a case that has been pending for more than four years, the public interest strongly demands as prompt and efficient a resolution of the controversy as possible.").

Likewise, the Court's ruling on Defendant's entitlement to attorneys' fees – and in what amount – will assist the parties in negotiating a potential settlement of this matter during the pendency of Plaintiff's appeal or, however unlikely, the remand of the action back to this Court. The parties are currently scheduled to attend a mandatory settlement conference as part of the Second Circuit mediation and settlement program on December 11, 2023. Motion at Exhibit A. Although the parties' current briefing schedule on the motion for fees makes a ruling by December 11, 2023 unlikely, the ruling – whenever it issues – will provide the parties with a greater understanding of their potential rights and obligations and allow for more fruitful settlement discussions.

Plaintiff's main argument in support of its motion to defer is that it would be a waste of resources for the Court to rule on Defendant's motion for attorneys' fees if, as a result of the appeal, Defendant is no longer the prevailing party. First, this argument is premised upon Plaintiff succeeding on the merits of appeal, which Plaintiff has not shown to be likely. Second, deferring ruling on the motion introduces its own set of potential inefficiencies, including a second, *separate* appellate challenge to the Court's ruling on the motion for fees. If the Court rules on the fee motion, any appeal therefrom may be consolidated with the pending appeal on the merits, thereby avoiding a second appeal.[2] *See Stevens*, 2016 WL 6652774 at *2, n.1,

---

[2] Plaintiff's own authority acknowledges this. *See MHANY Mgmt., Inc. v. Inc. Vill. of Garden City*, 44 F. Supp. 3d 283, 286 (E.D.N.Y. 2014) ("To be sure, deferring a ruling on attorneys' fees until resolution of the Garden City Merits Appeal would preclude possible consolidation of that appeal with an appeal of an order of this Court on fees and costs, and could produce piecemeal appeals, which are disfavored in this circuit.").

quoting *Lake*, 2006 WL 1891141 at *3, n.2 ("To accept defendants' argument and defer a ruling on the attorneys' fees issue until resolution of the pending cross-appeals would almost certainly prompt a second appellate challenge and, accordingly, would run contrary to the Second Circuit's teaching that Rule 54(d) and its time limit was intended to avoid piecemeal appeals by consolidating of appellate resolution of issues of the type now raised by the parties in opposition to plaintiff's fee application with other, substantive arguments raised on appeal."); *Testa*, 2017 WL 5133341 at *2, quoting *Gill v. Bausch & Lomb Supplemental Ret. Income Plan I*, 09-CV-6043, 2014 WL 1404902, at *1 (W.D.N.Y. Apr. 10, 2014) "(Rule 54(d) 'permits the court, where appropriate, to make a quick resolution of the fee motion so that any appeal of that issue might be consolidated with an appeal of the merits.").

The balance of the authorities Plaintiff relies on are distinguishable because they presume that a successful appeal will necessarily result in the appellant filing a motion for attorneys' fees as the new prevailing party, which will then spawn yet another appeal on the issue of attorneys' fees. In other words, these decisions assume that a successful appeal will result in piecemeal appeals on the prevailing party's entitlement to fees. *See Costco Wholesale Corp. v. Costello*, 232 F. Supp. 3d 319, 321 (W.D.N.Y. 2017) (defendants filed a motion for attorneys' fees pursuant to a fee-shifting clause in the parties' contract at issue; "Regardless of the outcome of the appeal, the prevailing party on appeal is likely to seek fees following the Second Circuit's decision. To avoid dealing with this matter piecemeal, then, it makes more sense to await the Court of Appeals' decision."); *MHANY*, 44 F. Supp. 3d at 285 (plaintiffs' motion for attorneys' fees was filed pursuant to under 42 U.S.C. § 3613(c)(2) and 42 U.S.C. § 1988(b), both of which entitle the prevailing party, other than the U.S., to an award of its fees); *Gill*, 2014 WL 1404902 at *1 (plaintiffs moved for attorneys' fees on ERISA claim, which per 29 U.S.C. § 1132(g)(1),

provides the court discretion to allow fees to either party); *Matsumura v. Benihana National Corp.*, No. 06 Civ. 7609 (NRB), 2014 WL 1553638 at *3 (S.D.N.Y. Apr. 17, 2014) (entitlement to attorneys' fees was based on an attorneys' fees provision in the parties' stock purchase agreement). Here, though, the prevailing party is only entitled to attorneys' fees if it establishes that the case is "exceptional." *See* 15 U.S.C. § 1117(a) ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."). Thus, in the unlikely event Plaintiff winds up as the prevailing party as a consequence of the appeal, that alone does not mean that Plaintiff will file a motion for an award of its attorneys' fees and ignite an appeal as to this Court's ruling thereon.

Finally, the untimely passing of Anthony Meola, Plaintiff's former lead counsel, is irrelevant to Plaintiff's motion to defer ruling on Defendant's motion for attorneys' fees.[3] Plaintiff has not cited to any authority holding that a party's purported need for additional time to oppose a motion for fees justifies deferring ruling on that motion. To this point, the 1993 Advisory Committee's Notes to Fed. R. Civ. P. 54 note a court's discretion to defer ruling on a motion for fees if an appeal on the merits of the case is taken; it nowhere mentions that the Court has discretion to defer ruling on a motion for attorneys' fees because the opposing party needs additional time to prepare its opposition papers.[4]

---

[3] Defendant learned of the unfortunate passing of Mr. Meola on September 21, 2023, the day after the Court granted Defendant's motion for summary judgment. The next day, September 22, 2023, Defendant proactively contacted John Kim, formerly of Lewis Roca Rothgerber Christie LLP and now partners with Plaintiff's counsel at Clark Hill PLC, to inform him of the Court's order. Declaration of Paul A. Bost ("Bost Decl.") ¶ 2, Ex. A. Defendant contacted Mr. Kim because he is lead counsel for Plaintiff in at least three other Lanham Act lawsuits filed by Plaintiff. Dkt. 161-13, 161-15, 161-16. Mr. Kim's colleague wrote back to inform Defendant that Mr. Kim had since lateraled to Clark Hill, copying Mr. Kim at his new email address. Bost Decl. ¶ 2, Ex. A. Thus, Plaintiff's current counsel has known about the Court's order, and the then-impending motion for attorneys' fees, since September 22, 2023. Further, Plaintiff's counsel clearly has an established relationship with Plaintiff and knows intimately its purported trade dress rights.

[4] Plaintiff notes that it has not been able to obtain documents filed under seal from the Court or Mr. Meola's law firm. Motion at 7, n.2. Plaintiff never apprised Defendant of this situation before filing its motion to defer, and has only recently sought Defendant's assistance in obtaining these documents, which Defendant immediately provided. Bost Decl. ¶ 3, Ex. B.

### III. IF THE COURT DEFERS RULING ON THE MOTION FOR ATTORNEYS' FEES, IT SHOULD ORDER PLAINTIFF TO POST A BOND

At least one district court in the Second Circuit has required the appealing party to post a bond in light of that court's decision to defer ruling on fees pending appeal. *In Watson v. E.S. Sutton, Inc.*, the plaintiff filed a motion for attorneys' fees, which the court referred to a magistrate judge. No. 02 CV 2739 (KMW), 2006 WL 4484160 at *1 (S.D.N.Y. Dec. 6, 2006). After the magistrate judge issued its report and recommendation recommending an award of fees, the court granted the defendant's request to defer further proceedings during the pendency of the appeal but required the defendant to post a bond as security in the amount of the fees award. *Id*. at *3. *See also Green v. Kanazawa*, No. CIVIL 16-00054 LEK-KSC, 2018 WL 5621953 at *5 (D. Haw. Oct. 30, 2018) (the court stayed ruling on the defendants' motion for fees conditioned on plaintiff's posting of a supersedeas bond in the amount requested in the defendants' motion). Here, in the event the Court grants Plaintiff's motion to defer (it should not), the Court should require Plaintiff to post a bond in the amount Defendant seeks on its motion for attorneys' fees, namely, $1,146,814.17. It would be manifestly unfair for Plaintiff to spend fees and other resources on a futile appeal, thereby depleting the funds from which Defendant would have otherwise been paid.

### IV. THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR ADDITIONAL TIME TO OPPOSE DEFENDANT'S MOTION FOR ATTORNEYS' FEES IN THE EVENT THE COURT DENIES PLAINTIFF'S INSTANT MOTION

Plaintiff has not established sufficient justification to further delay its deadline to respond to Defendant's motion for attorneys' fees. The parties' earlier agreement extending Plaintiff's deadline to oppose the motion for fees by 47 days (Dkt. 164) provides Plaintiff with sufficient time to prepare it opposition. Also, the parties agreed to an expedited briefing schedule on this motion precisely so Plaintiff could obtain a prompt ruling on it and move forward accordingly.

Finally, Plaintiff has provided no explanation why it did not file this motion soon after Defendant filed its fee motion on October 4, 2023, and certainly as of October 13, 2023, the day the parties stipulated to an extension of Plaintiff's deadline to oppose the fee motion. The Court should not allow Plaintiff to take advantage of its delay filing this motion by turning it into a justification for additional time to oppose the fee motion.

Also, Plaintiff states that "[w]hile this request to defer is pending, [Plaintiff] expects to focus its efforts on [1] assembling and digesting a complete case file [2] as well as preparing its appeal brief." Motion at 8 (numbers added). This first task is certainly consonant with preparing an opposition brief to the motion for attorneys' fees, and the second task need not take priority over briefing the motion for attorneys' fees, especially given that Plaintiff has requested a deadline of January 30, 2024 to file its opening appeal brief. Motion at Exhibit A. Furthermore, Plaintiff's intimation that it is myopically focused on its appeal is belied by its recent filing of a complaint against Defendant in New York State court, which claims are precluded and estopped by the Court's summary judgment order. Bost Decl. ¶ 4, Ex. C.

/ / /

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion to defer ruling on Defendants' motion for attorneys' fees pending Plaintiff's appeal and should also deny Plaintiff's request for additional time to respond to the motion for attorneys' fees while this motion is pending. Should the Court grant Plaintiff's motion to defer, it should order Plaintiff to post a bond in the amount of $1,146,814.17.

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Dated: November 16, 2023

*/s/ Paul A. Bost*
Theodore C. Max
Jill M. Pietrini (admitted *pro hac vice*)
Paul A. Bost (admitted *pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 653-8700
Fax: (212) 653-8701

*Attorneys for Defendant SIC Enterprise, Inc.*

SMRH:4859-5794-7023.1