CLARK HILL PLC
Robert N. Feltoon
rfeltoon@clarkhill.com
Two Commerce Square
2000 Market Street, Suite 2620
Philadelphia, PA  19103
Telephone:  (215)  864-8064
Facsimile:  (215)  640-8501

*Attorney for Plaintiff EBIN NEW YORK, INC.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EBIN NEW YORK, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SIC ENTERPRISE, INC.; JOHN DOES 1-10 (said names being fictitious); and JOHN ROE CORPS. 1-10 (said names being fictitious),<br><br>Defendants. | Case No. 1:19-cv-01017-PKC-TM |

**PLAINTIFF EBIN NEW YORK, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DEFER DEFENDANT'S MOTION FOR ATTORNEYS' FEES PENDING PLAINTIFF'S APPEAL**

Plaintiff EBIN submits this reply in further support of its motion to defer SIC's motion for attorneys' fees pending EBIN's appeal.

### A. EBIN's Request is Supported by the Cases that EBIN Cited to SIC

EBIN's motion is well supported by eight trial court decisions in the Second Circuit. All of them granted motions like this one for sound reasons. (*See* cases cited in EBIN Br. at 3-7). Notably, none of those courts required the moving party to demonstrate the merits of its pending appeal or the likelihood of success on appeal.

SIC claims those cases are "distinguishable because they presume that a successful appeal will necessarily result in the *appellant* filing a motion for attorneys' fees as the new prevailing party", which SIC says is not the case even if EBIN prevails on appeal since fees are awardable here only in exceptional cases. (SIC Br. at 6-7; emphasis added). In fact, none of EBIN's cited cases makes that presumption. SIC's own brief illustrates this, quoting from a case cited by EBIN which deferred a fee motion pending appeal in part because "'the *prevailing party* on appeal is likely to seek fees following the Second Circuit's decision'". (SIC Br. at 6, quoting *Costco Wholesale Corp. v. Costello*, 232 F. Supp. 3d 319, 321 (W.D.N.Y. 2017)). The "prevailing party on appeal" obviously can include SIC as the appellee.[1]

A few of the cases cited by SIC, where courts declined to defer fee motions pending appeal, applied a four-factor test that included whether the moving party "'has made a strong showing that he is likely to succeed on the merits'" of the appeal. (*See* SIC Br. at 3-4, quoting *Estevez v. Berkeley Coll.*, 2022 WL 1963659 at *2 (S.D.N.Y. June 6, 2022)). As noted, none of the courts in the cases cited by EBIN employed that approach, which is consistent with the authorities cited in SIC's cases. Thus, in *Estevez*, the court pointed to language in *In re World Trade Disaster Site Litigation*, 503 F.3d 167, 170 (2d Cir. 2007) where the Second Circuit was

---

[1] *See* EBIN Br. at 6-7, discussing *Mhany Manag. Inc. v. Incorporated Village of Garden City*, 44 F. Supp. 3d 283, 285-86 (E.D.N.Y. 2014), where the Court deferred a fee motion pending appeal in part because the **appellees** "are likely to seek supplemental attorney's fees for the present fee application if they prevail on liability before the Second Circuit"; *Philadelphia Indem. Ins. Co. v. Central Terminal Restoration Corp.*, 2017 WL 3431404 at *2 (W.D.N.Y. Aug. 10, 2017) (cited in EBIN Br. at 3) (deferring fee motion "will avoid the necessity of a second motion seeking the fees associated with litigating the appeal" in the event the **appellee** "is the ultimate prevailing party"); *see also Apex Employee Wellness Serv., Inc. v. APS Healthcare Bethesda, Inc.*, 2017 WL 456466 at *12 (S.D.N.Y. Feb. 1, 2017) (cited in EBIN Br. at 3) ("Deferring a ruling on Plaintiff's motion for attorneys' fees until the Second Circuit resolves Defendant's appeal ensures that this Court only has to address the motion for attorneys' fees by **the party that ultimately prevails**" and is thus "the most prudent course of action"; emphasis added).

2

addressing the standards for "a stay pending appeal" of a trial court's final judgment. EBIN, however, does not seek a "stay pending appeal" of a court's final judgment, but deferral of a fee motion as SIC recognizes in citing the 1993 Advisory Committee's Notes to Fed. R. Civ. P. 54. (*See* SIC Br. at 2, quoting Notes stating that "'If an appeal on the merits of the case is taken, the court . . . may ***defer its ruling*** on the motion'"). EBIN is not aware of any appellate authority requiring application of the factors pertinent to a motion seeking to stay a judgment pending appeal to a motion seeking to defer a fee motion pending an appeal, and SIC cites no such authority.

Courts in some of the cases SIC cites decided to proceed with the fee motion "'while the services performed are freshly in mind'" or similarly to "'dispose of this issue now rather than wait and decide it at even greater remove from determination of the merits issue'". (*See* SIC Br. at 2-3, citing *Philips Lighting Co. v. Schneider*, 2010 WL 11606309 at *2 (E.D.N.Y. Aug. 6, 2010) and *Estevez*). That rationale is not applied in any of the cases cited by EBIN. Moreover, that rationale has minimal relevance here since Judge Chen has referred SIC's fee motion to this Court, which was involved in aspects of the litigation but not to the degree of Judge Chen who oversaw the case and decided it on the merits.

SIC also points to cases where courts declined to defer fee motions on the premise that the ruling on that motion would be consolidated on appeal with the then-pending merits appeal, thereby avoiding a "second, *separate* appellate challenge to the Court's ruling on the motion for fees". (SIC Br. at 5-6; citations omitted; emphasis in original). As noted in EBIN's Brief (at 6-7), the Court in *Mhany* considered and rejected this rationale, explaining that even if the trial court promptly resolved the fee motion, "there is no certainty that the Second Circuit would consolidate an appeal from this Court's order on fees with the pending cross-appeals". 44 F.

3

Supp. 3d at 285-86. That same uncertainty exists here, particularly since any recommended ruling from this Court is subject to appeal and de novo review by Judge Chen under Fed. R. Civ. P. 59, further reducing any hypothetical opportunity for consolidation of this matter with EBIN's merits appeal. *See Access 4 All, Inc. v. Grandview Hotel Ltd. Partnership*, 2006 WL 566101 at *2 (E.D.N.Y. Mar. 3, 2006) (Magistrate Judge's recommendation on fee motion "is dispositive and thus subject to de novo review").[2]

In short, EBIN's line of cited cases, on their face and as applied in the circumstances here, are more appropriate for the Court to follow than the cases cited by SIC.

### B. Mr. Meola's Untimely Passing is Highly Relevant to EBIN's Request to Defer SIC's Fee Motion

SIC brushes aside the untimely passing of EBIN's former lead counsel on this long-pending case as "irrelevant", pointing out that the Advisory Committee Notes to Fed. R. Civ. P. 54 "note a court's discretion to defer a ruling" pending appeal but do not expressly encompass these circumstances as informing the court's discretion. (SIC Br. at 7). Those Notes do not

---

[2] SIC complains that EBIN should have raised the issue of deferring SIC's fee motion sooner. (SIC Br. at 2, 9). The timing of EBIN's request to defer the fee motion does not involve any tactical decision or effort to gain an advantage. Undersigned counsel's law firm was not formally retained to take over this case until October 2, 2023, just two days before SIC filed its fee motion. Undersigned counsel, who has no prior involvement with this matter or this client, immediately began working on the case on October 4 when he filed an entry of appearance. After spending time reviewing the long history, counsel turned to SIC's fee motion and, in particular, to SIC's case citations for the various legal factors at play in its fee motion. On October 31, while researching those issues and drafting responsive portions of an opposition brief, undersigned counsel came upon the *Topps* case cited in EBIN's opening brief, which dealt expressly with deferring a prevailing party fee motion under 15 U.S.C. 1117(a). (*See* EBIN Br. at 3, 5). The *Topps* case was immediately brought to the client's attention, who authorized undersigned counsel on November 1 to ask SIC to defer its fee motion. EBIN wrote to SIC on November 2 with that request, and SIC responded on November 6, refusing to defer. (*See* Exh. B to EBIN's motion). EBIN's motion to defer was then promptly drafted and served on November 9, on an agreed expedited schedule for decision by the Court.

4

specify *any* guidelines for how a court is to exercise its discretion, and certainly do not address or preclude a court from considering the death of lead counsel followed by new counsel taking over who have no familiarity with the case.[3]

As noted in EBIN's opening brief, Mr. Meola's passing has greatly impacted EBIN's ability to prepare its response to SIC's fee motion. Unfortunately, EBIN's new counsel was not able to learn anything about the case from Mr. Meola. Moreover, as EBIN points out in its opening brief, the files received from Mr. Meola's law firm are incomplete. (EBIN Br. at 7). SIC points to this, insinuating the timing of EBIN's recent request to SIC for certain missing files is a tactical move intended to support this motion. (SIC Br. at 7 & n.4). SIC's speculation is unfounded. Undersigned counsel's law firm did not receive the multiple boxes of files and electronic files from Mr. Meola's law firm until October 19 and October 31, 2023, respectively. Those files were disorganized, and it took time to determine what was missing and whether we could get that missing material from Mr. Meola's firm and/or from the Court.[4] As noted in EBIN's brief at 7 n.2, on November 9 we were told we could not readily get copies of sealed filings from the Court that were missing from the files received from Mr. Meola's law firm. On

---

[3] SIC speculates that John Kim of Clark Hill, who represents EBIN in other cases, "knows intimately" EBIN's "purported trade dress rights" at issue in this case. (SIC Br. at 7 n.3). The cases in which Mr. Kim represents EBIN, however, involve very different trade dresses and claims than those at issue in this case. Mr. Kim, like the undersigned, had no involvement whatsoever in this case before Mr. Meola's passing.

[4] On November 7, 2023, undersigned counsel's law firm received additional electronic files from the law firm where Mr. Meola worked at the time of his passing, but those electronic files were still missing numerous documents. On November 10, 2023, undersigned counsel contacted the Managing Partner of the Schmeiser Olsen & Watts LLP law firm, where Mr. Meola had been employed until a few months before his death, and requested a copy of that firm's files on this case. On November 16, undersigned counsel was told that firm has a very large electronic file on this case that would take a few days to assemble and transmit. As of the date of this filing (November 20), we have not yet received those electronic files.

November 13, undersigned counsel requested missing sealed filings from SIC's counsel, who agreed to supply them. (*See* Bost Decl. Exh. B). None of our efforts to obtain a complete case file involves any strategic moves designed to strengthen EBIN's position on this motion.

As noted in EBIN's opening brief, EBIN's new counsel is focused on assembling and digesting a complete case file and preparing an appeal brief according to the Second Circuit's schedule. Mr. Meola's passing has caused considerable difficulties for EBIN, which EBIN asks the Court to consider in deciding whether to exercise its discretion to defer SIC's fee motion.[5]

    **C.    Deciding SIC's Fee Motion Now Will Not Assist Any Settlement Discussions**

SIC claims the fee motion should be litigated and decided now to help the parties reach a settlement at some point during the appeal process. (SIC Br. at 1, 5). EBIN does not agree. If this Court defers the fee motion, then at the upcoming Second Circuit mediation and beyond while the appeal is pending, each side can evaluate the risks associated with all aspects of the dispute including the fee motion, and offer settlement terms rather than face that collective set of risks. If the Court does not defer and recommends a ruling in favor of EBIN on the fee motion (which Judge Chen then affirms), that could cause SIC to proceed with the appeal to try to secure a Second Circuit opinion that supports reconsideration on the fee motion. If this Court recommends a ruling in favor of SIC, that could lead EBIN to proceed with the appeal to try to

---

[5] SIC questions EBIN's recital of its current efforts, pointing to EBIN's recent filing of a complaint against SIC in New York State Court. (SIC Br. at 9). That state court complaint includes the state law claim formerly in this case that Judge Chen declined to exercise supplemental jurisdiction over as part of the Court's summary judgment ruling issued on September 20. 2023 WL 6141275 at *12. Under 28 U.S. Code §1367(d), EBIN was required to refile its state law claim within 30 days of September 20. EBIN met that requirement when it filed the complaint cited by SIC on October 20. (*See* Bost Decl. Exh. C).

secure a Second Circuit opinion that undercuts a basis for the fee award. In short, EBIN's view is that for purposes of trying to resolve the case, the fee motion should be left in abeyance.

### D. The Court Should Not Require EBIN to Post a Bond

The Court should deny SIC's request to condition any deferral of the fee motion pending appeal with a bond requirement. (SIC Br. at 8). The requirement to post security pending an appeal is not automatic, and was not imposed in any of the cases cited by EBIN where courts agreed to defer fee motions pending appeal. As explained in the one case from this Circuit on which SIC relies, the primary purpose of imposing a bond requirement pending an appeal "'is to ensure that the prevailing party will be able to collect the costs and fees owed to it in situations ***where the other party is unlikely or unwilling to pay***'". *Watson v. E.S. Sutton, Inc.*, 2006 WL 4484160 at *1 (S.D.N.Y. Dec. 6, 2006) (emphasis added). SIC does not offer any fact or argument demonstrating that EBIN is "unlikely or unwilling to pay" a fee award if one is ultimately entered in SIC's favor. Nor could SIC offer such proof because EBIN is an established and substantial New Jersey-based company.[6] SIC's failure to address and satisfy the "factors for the Court to consider in determining whether to impose a bond" should lead the Court to deny SIC's request. *See, e.g., Mattsson v. Pat McGrath Cosmetics LLC*, 2022 WL 1718928 at *1-3 (S.D.N.Y. May 27, 2022) (finding the "balance of factors" did not support imposing a bond requirement); *Morgan Art Found. Ltd. v. McKenzie*, 2019 WL 2725625 at *3-4 (S.D.N.Y. July 1, 2019) (same); *see also Watson* (listing same factors).[7]

---

[6] *See* D&B Hoovers "OneStop Report" for EBIN, dated November 20, 2023, showing sales of $53.37 million and total assets of $17.68 million for the fiscal year ended December 31, 2022 (page 7 of Exh. C hereto).

[7] Since SIC's request for a bond is not supported with any proof of EBIN's unwillingness or inability to pay or otherwise addresses the relevant factors, EBIN expects the Court will reject SIC's request. However, in the event the Court decides to condition the deferral of SIC's fee

### E. EBIN Requests Additional Time in the Event the Court Does Not Defer SIC's Motion Pending Appeal

EBIN stands by its request that in the event the Court declines to defer SIC's motion pending the appeal, the Court reset the due date for EBIN's response to 60 days after the Court issues its decision on this request to defer. EBIN has explained the reason for the timing of this request; the reason for its recent filing of a new state court action in New York; and the difficulties that have arisen from Mr. Meola's passing. SIC questions all those matters in opposing any further extension, but its speculative insinuations of gamesmanship are baseless for the reasons explained herein. (*See* SIC Br. at 8-9).

### CONCLUSION

The Court should defer SIC's Motion for Attorneys' Fees pending the outcome of EBIN's appeal to the Second Circuit.

Respectfully submitted,

Robert N. Feltoon

CLARK HILL PLC

rfeltoon@clarkhill.com
Two Commerce Square
2000 Market Street, Suite 2620
Philadelphia, PA 19103
Telephone: (215) 864-8064
Facsimile: (215) 640-8501

*Attorney for Plaintiff*

---

motion pending appeal on EBIN supplying a form of security for some amount up to the one claimed by SIC, EBIN requests it be permitted to supply security in the form of a letter of credit rather than posting a bond. A letter of credit would provide security at a lower cost to EBIN.

## VERIFICATION

Robert N. Feltoon hereby declares under penalty of perjury that all of the factual statements stated in this brief regarding counsel for EBIN are true and correct based on personal knowledge.

/s/Robert N. Feltoon
Robert N. Feltoon

November 20, 2023